1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAIM NATHAN, an individual; and LEAH NATHAN, an individual; <br><br>       Plaintiffs, <br><br>   vs. <br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a Connecticut corporation; and DOES 1 through 50, Inclusive; <br><br>      Defendants. | CASE NO. 2:14-cv-04047-FMO-JEM <br><br>[Assigned to the District Court Judge Fernando M. Olguin and Magistrate Judge John E. McDermott] <br><br>**DISCOVERY MATTER** <br><br>**[~~PROPOSED~~] PROTECTIVE ORDER** |

21              **GOOD CAUSE STATEMENT**

22          The Court recognizes that at least some of the documents and information

23   being sought through discovery in the above-captioned action, for competitive or

24   privacy reasons, are normally kept Confidential by the parties.  The parties have

25   agreed to be bound by the terms of this Protective Order ("Order") in this action.

26   Specifically, at the time of the entry of this order, Defendant Travelers Commercial

27   Insurance Company ("Travelers") wishes to keep Confidential certain internal claim

28   handling guidelines that have been requested by Plaintiffs during discovery.  The

guidelines contain information that is confidential and proprietary to Travelers, is not intended to be distributed or disseminated to the public, and may constitute trade secrets.  The Court recognizes that additional confidential material may be requested in the course of this litigation, and that the confidential treatment of that material as set forth in this Order will facilitate the exchange of such information and expedite this litigation.

The Court, after finding that good cause exists for this Order, HEREBY ORDERS that:

1.   Any material or information classified as "CONFIDENTIAL", as described in paragraph 2 below, (including, but not limited to, documents, exhibits, answers to interrogatories, responses to requests for admission, deposition transcripts and testimony, and materials and documents prepared by experts containing confidential material), shall be governed by this Order.

2.   Any material or information may be designated by the producing party as "CONFIDENTIAL", if the party has a good faith belief that the information or material produced is proprietary or reflects trade secret information.  The party believing that the material requires protection shall inform all counsel as to which materials are to be treated as confidential; and counsel shall affix in a conspicuous manner the marking "CONFIDENTIAL" to each of those materials.  Absent a specific order by this Court, such materials designated as Confidential shall be used by the parties solely in connection with this litigation, and not for any other purpose; and such information shall not be disclosed to anyone except as provided herein.

3.   Whenever experts, attorneys, paralegals or other persons prepare discoverable documents that summarize, recite or otherwise disclose such Confidential information, the party or attorney for whom those persons performed services shall affix the marking "CONFIDENTIAL" in a conspicuous manner on each of those documents.

4.     If any information or material designated to be Confidential pursuant to this Order is used during the course of a deposition in this action, that portion of the deposition record reflecting such Confidential information shall be sealed and stamped or marked "CONFIDENTIAL," and access thereto shall be limited pursuant to the terms of this Order.

5.     Witnesses or counsel at a deposition in this action shall invoke the provisions of this Order by stating on the record during deposition that testimony given at the deposition is designated "Confidential."  No person shall attend portions of the depositions designated "CONFIDENTIAL" unless such person is an authorized recipient of the confidential information under the terms of this Order.  Any court reporter who transcribes "CONFIDENTIAL" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain protected and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony, will be marked "CONFIDENTIAL" and will be retained in absolute confidence and safekeeping by such reporter, delivered to the attorneys of record or filed under seal with the Court.

6.     Material designated as "CONFIDENTIAL" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated only to:

        a.     parties or employees of such parties for use in relation to this litigation only;

        b.     counsel for the parties or employees of such counsel to whom it is necessary that the confidential information or material be shown or disclosed for purposes of this litigation;

        c.     non-employee, independent consultants and/or non-employee, independent experts working directly on this litigation at the request or at the direction of counsel;

1      d.      a court reporter transcribing, and an outside person translating at, a

2              deposition in this matter;

3      e.      the Court and jury, as necessary for purposes of trial or motions;

4              and

5      f.      third-party witnesses who are called upon to provide testimony in

6              deposition and/or at trial in this action, and who are first provided a

7              copy of this Order and agree to comply with its terms.

8      7.      Any party wishing to file or lodge Confidential material with the Court

9   may only do so under seal, with prior approval of the Court, in compliance with Local

10  Rule 79-5.1.  Following disposition of trial and any and all appeals, such material may

11  be disposed of by the Court, unless the party submitting such materials requests that

12  they be returned, in which case, the materials shall be returned to that party.

13     8.      If, at any time, counsel for any party claims that counsel for any other

14  party has unreasonably designated information or documents produced herein to be

15  confidential, or otherwise seeks relief from the terms of this Order, objecting counsel

16  may make an application to this Court requesting that specifically identified

17  documents be excluded from this Order.  Such application may only be made after full

18  compliance with Local Rule 37, to the extent applicable.

19     9.      Any person or entity aggrieved by a violation of this Order may petition

20  the Court for relief.  However, the sole remedy to be imposed by the Court for any

21  violation of this Order shall be injunctive relief.

22     10.     This Order is entered solely for the purpose of facilitating the exchange

23  of documents and information between the parties to this action without unnecessarily

24  involving the Court in the process.  Nothing in this Order nor the production of any

25  information or document under its terms nor any proceedings pursuant to this Order

26  shall be deemed to have the effect of an admission or waiver, express or implied, by

27  any party that information or documents designated by another party do in fact

28

1    warrant protection, or is a trade secret and/or confidential information, or is otherwise

2    admissible as evidence in this action.

3          11.    Upon termination of this litigation, the originals and all copies of

4    confidential materials shall be turned over to counsel for the party who produced such

5    documents, or disposed of in some other manner that is mutually agreeable among the

6    parties, except that counsel may retain one copy of all pleadings containing

7    confidential information or documents.

8          **IT IS SO ORDERED**.

9

10   DATED:  November 24. 2014          _____

11                                      Hon. John E. McDermott
                                        United States Magistrate Judge

12

13

14

15

16

17

18   Submitted by:

19   WESTON & McELVAIN LLP
     Aaron C. Agness (State Bar No. 221943)
20   Coleman D. Heggi (State Bar No. 253055)
     601 S. Figueroa St., Suite 2350
21   Los Angeles, California 90017
     Telephone (213) 596-8000
22   Facsimile (213) 596-8039
     Email:  aagness@wmattorneys.com
23            cheggi@wmattorneys.com

24   Attorneys for Defendant
     **TRAVELERS COMMERCIAL INSURANCE**
25   **COMPANY,** erroneously sued and served as
     **TRAVELERS PROPERTY CASUALTY**
26   **INSURANCE COMPANY**

27

28

[PROPOSED] PROTECTIVE ORDER